## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
## SOUTH BEND DIVISION

JaVON CROCKETT BERRY,        )
                                  )
        Plaintiff,      )
                                  )   CAUSE NO. 3:15-CV-556
      vs.                )
                                  )
BRENT MIZE, *et al.*,         )
                                  )
        Defendants.     )

## OPINION AND ORDER

This matter is before the Court on a complaint filed pursuant to 42 U.S.C. § 1983 by JaVon Crockett Berry, a *pro se* prisoner, on November 24, 2015. For the reasons set forth below, the Court: (1) **DIRECTS** the clerk to place this cause number on a blank Prisoner Complaint 42 U.S.C. § 1983 form and send it to JaVon Crockett Berry; (2) **GRANTS** JaVon Crockett Berry until January 21, 2016, to file an amended complaint; and (3) **CAUTIONS** JaVon Crockett Berry that if he does not respond by that deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because the current complaint (DE 2) does not state a claim.

DISCUSSION

Berry filed a complaint naming eleven defendants. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent

standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint.

In the complaint, Berry describes a series of events starting on October 6, 2009, at the Pendleton Correctional Facility and ending on October 3, 2013, at the Indiana State Prison. It is unclear how these events (which involve different defendants, on different dates, in different locations, for different claims) are sufficiently related to be brought in a single lawsuit. "Unrelated claims against different defendants belong in different suits . . .." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). The complaint is vague in that it omits many details and dates. Indeed, the factual description of the claims only contains the names of four of the defendants. Despite these defects, it is clear that the last event described in the complaint occurred on October 3, 2013. However, "Indiana's two-year statute of limitations . . . . is applicable to all causes of action brought in Indiana under 42 U.S.C. § 1983." *Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 894 (7th Cir. 2001). Because Berry did not sign the complaint for this case until November 23, 2015, all of the claims arising out of events described in this complaint are barred by the statute of limitations.

Nevertheless, because the complaint omits many dates and does not describe what seven of the defendants did, it is possible that Berry may have a claim against one of them which arose within the past two years. If so, he can file an amended complaint. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). If he files an amended complaint, he must follow the instructions on the complaint form which instruct him to "Write a new paragraph for each violation. Name each defendant involved in that violation. Number your paragraphs." DE 2 at 3. He also needs to explain when each event occurred and what each defendant did (or did not do) which makes that defendant liable to him. He needs to provide the facts on which his claims are based and he needs to describe what injuries he has suffered as a result of each claim.

> [A] plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation marks, ellipsis, citations and footnote omitted).


CONCLUSION

For the reasons set forth above, the Court: (1) **DIRECTS** the clerk to place this cause number on a blank Prisoner Complaint 42 U.S.C. § 1983 form and send it to JaVon Crockett Berry; (2) **GRANTS**

JaVon Crockett Berry until January 21, 2016, to file an amended complaint; and (3) **CAUTIONS** JaVon Crockett Berry that if he does not respond by that deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because the current complaint (DE 2) does not state a claim.

**DATED: December 1, 2015**　　　　　　　　/s/RUDY LOZANO, Judge
　　　　　　　　　　　　　　　　　　　　**United State District Court**